IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STUART T. GUTTMAN, M.D.,**
        **Plaintiff,**

     **v.**                                                          **CV 03-0463 LCS/KBM**

**G.T.S. KHALSA, LIVINGSTON PARSONS,**
**and THE STATE OF NEW MEXICO,**
        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for oral argument on the remaining portions of Defendants' Motion to Dismiss (Doc. 29) and on Plaintiff's Motion for Reconsideration. (Doc. 41.) Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 2, 7.) After having meticulously considered the motions, briefs, oral arguments, and applicable law, the remaining portions of Defendants' motion will be **GRANTED IN PART and DENIED IN PART,** and Plaintiff's motion to reconsider will be **GRANTED.**

    **I.**    **REMAINING ISSUES FROM MOTION TO DISMISS**[1]

In the first Memorandum Opinion and Order entered on Defendants' motion to dismiss, I deferred decision on two issues until after oral argument: (1) whether Plaintiff could bring claims against the State pursuant to 42 U.S.C. § 1983 for violations of his First Amendment, equal protection, and procedural due process rights; and (2) whether Plaintiff could bring claims against any of the Defendants for the state tort of defamation. (Doc. 39 at 8-9.)

At the motion hearing, Plaintiff conceded that the only relief available from the State on

---

[1] A procedural background of this case and the standard for Defendants' motion to dismiss is in the Memorandum Opinion and Order filed on October 17, 2006. (Doc. 39 at 1-4.)

the § 1983 claims is prospective injunctive relief. Therefore, to the extent Plaintiff was seeking any other damages on the § 1983 claims, Defendants' motion to dismiss will be granted. Plaintiff also conceded that the tort claim is foreclosed by the New Mexico Tort Claims Act. Defendants' motion will be granted with respect to the state tort claim for defamation.

## II.     MOTION TO RECONSIDER

While the federal rules do not formally provide for motions to reconsider, parties may seek relief from a judgment pursuant to FED. R. CIV. P. 59 in three situations: to (1) review a decision in light of a recent change in controlling law; (2) review newly discovered evidence; or (3) "correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). This Court has discretion in deciding whether to grant or deny a motion to reconsider. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider may not be used to reexamine issues that have already been addressed or to advance "new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed . . . ." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal quotation marks and citation omitted).

Here, Plaintiff argues that the Court incorrectly decided to dismiss Count V, the "defamation and false data bank report" claim. (*See* Docs. 1 at 13-14; 41 at 1-2.) Plaintiff argues that Count V is a "stigma plus" claim, which alleges "a sufficient liberty interest under § 1983 to include the publication of the false data bank report within [Plaintiff's] constitutional claims." (Doc. 41 at 4.) Plaintiff also contends that the individual Defendants are not entitled to either absolute or qualified immunity for the stigma plus claim. (*Id.* at 6-7.) Defendants counter that Plaintiff has not demonstrated that the law in this area was clearly established at the time of the

alleged defamation.  (Doc. 42 at 13.)

After reviewing the arguments of the parties, I find that it is appropriate to grant Plaintiff's motion for reconsideration of Count V.  Normally, in a motion to dismiss filed by defendants who raise the defense of qualified immunity, it becomes the plaintiff's burden to "identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant's conduct violated that right." *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000) (internal quotation marks and citation omitted).  I am unable to determine whether Plaintiff has pled a clearly established right, however, because Plaintiff did not identify in the complaint when the false data bank report was published.  (*See* Doc. 28.)  It is essential that the Court know when the report was published to identify what law was clearly established at that time.  Consequently, Plaintiff's motion is granted: the grant of Defendants' motion to dismiss as to Count V will be vacated, and this issue will remain.[2]

### III.     CONCLUSION

After this opinion, the claims that remain are as follows: (1) the claim brought under Title II of the ADA against the State only; (2) the § 1983 claims against the State only for prospective injunctive relief; and (3) the "stigma plus" claim against all three Defendants.  At this stage, Defendants Khalsa and Parsons are entitled to absolute immunity for every claim except the stigma plus claim.  Plaintiff's state tort claim for defamation is dismissed with respect to all three Defendants.  The parties are free to begin discovery.

---

[2] I would like to gently remind Plaintiff that this issue should have been addressed before there was a need for a motion to reconsider.  Plaintiff had at least two opportunities to state this claim clearly, both in his first amended complaint and in his response to Defendants' motion to dismiss.

**WHEREFORE,**

**IT IS ORDERED** that the remainder of Defendants' Motion to Dismiss (Doc. 29) is **GRANTED IN PART and DENIED IN PART:** Plaintiff may continue to seek prospective injunctive relief against the State with respect to his § 1983 claims for violations of his First Amendment, equal protection, and procedural due process rights; and Plaintiff's state tort claim for defamation is dismissed with respect to all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 41) is **GRANTED:** the grant of Defendants' motion to dismiss as to Count V ("Defamation and False Data Bank Report") is **VACATED** (*see* Doc. 39), Defendants' motion to dismiss will be **DENIED** with respect to Count V, and this claim will remain.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**