IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**STUART T. GUTTMAN, M.D.**,
        Plaintiff,

v.                                                     No. CIV-03-463 MCA/KBM

**G.T.S. KHALSA, LIVINGSTON PARSONS,
AND THE STATE OF NEW MEXICO**,
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' *Motion To Dismiss Second Amended Complaint* [Doc 144] and Plaintiff's *Motion For Partial Summary Judgment* [Doc 136]  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Defendants' *Motion* and denies Plaintiff's *Motion*.

**I.**     **BACKGROUND**

Plaintiff, Stuart Guttman, is a former medical doctor whose license to practice medicine in the State of New Mexico was revoked in 2000 by the New Mexico Board of Medical Examiners (Board).  Because this matter has developed an extensive docket and record, and because the parties dispute the current status of the case, a detailed review of the procedural history is necessary in order to place their respective arguments in their factual context.

Plaintiff's original complaint was filed on April 17, 2003, against the State of New Mexico and Individual Defendants, G.T.S. Khalsa and Livingston Parsons (collectively, Defendants).  [Doc 1]  In the original complaint, filed by Plaintiff *pro se*, he did not indicate that he was suing the Individual Defendants in their official capacities, nor did he request injunctive relief.  [Id.]  He did, however, assert claims for relief under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA" or "Title II").  By June 4, 2003, all parties consented to proceed before United States Magistrate Judge Leslie C. Smith.  [Doc 2, Doc 7]  On September 15, 2003, Judge Smith entered a Memorandum Opinion and Order (Guttman v. Khalsa, 320 F.Supp.2d 1164 (D.N.M. 2003) (Guttman I), granting Defendants' motion for summary judgment.  Id. at 1171.  In Guttman I, Judge Smith concluded that "all named Defendants are entitled to absolute immunity as to Plaintiff's claims under 42 U.S.C. § 1983. . . ."  Id.  An order immediately followed the opinion, filed the next day, which constituted a "final order" that "Summary judgment is hereby entered in favor of Defendants G.T.S. Khalsa, Livingston Parsons and the State of New Mexico on Plaintiff's claims under 42 U.S.C. § 1983. . . ."  [Doc 19]

Plaintiff appealed from Guttman I.  [Doc 20]  Our Circuit affirmed Judge Smith's order, see Guttman v. Khalsa, 401 F.3d 1170 (10th Cir. 2005) (Guttman II), but the Supreme Court of the United States granted certiorari and vacated the Guttman II opinion.  See Guttman v. Khalsa, 126 S.Ct. 321 (2005).  The Tenth Circuit Court of Appeals reexamined the issues and determined, among other things, that although the Individual Defendants were entitled to absolute immunity from the § 1983 claims, remand was

necessary for this Court to consider whether Plaintiff could proceed under Title II.  See Guttman v. Khalsa, 446 F.3d 1027, 1036 (10th Cir. 2006) (Guttman III).  The Court in Guttman III did not address the question of prospective relief.

After the 2006 remand, Plaintiff filed the first amended complaint, this time represented by counsel.  [Doc 28]  The first amended complaint adds claims for violations of equal protection and the first amendment, as well as for defamation and false data bank report.  [Doc 28 at 7, 12, 13-14]  Plaintiff also made reference to the Individual Defendants in their "official capacities" and specifically requested injunctive relief.  [Id. at 14-15]  Defendants filed a motion to dismiss the first amended complaint.  [Doc 29]  In their motion, Defendants argued that the equal protection and ADA claims were barred by collateral estoppel or res judicata, that the Individual Defendants had already been granted immunity from suit, and that Plaintiff failed to state a claim under the ADA and the First Amendment or for defamation or false data bank report.  [Doc 30 at 6, 7, 11, 14, 18]  Judge Smith held a hearing and directed Plaintiff to respond to Defendants' motion.  [Doc 31]  In his response, Plaintiff argued that the rulings in Guttman I and Guttman III did not preclude claims for injunctive relief against the Individual Defendants in their official capacities.  [Doc 33 at 18]  Judge Smith set another hearing on the motion, [Doc 38] and in the meantime, he issued a memorandum opinion and order, granting in part, denying in part, and deferring in part Defendants' motion to dismiss, see Guttman v. Khalsa, No. Civ 03-0463, Docket No. 39 (D.N.M. Oct. 17, 2006) (Guttman IV).

In Guttman IV, Judge Smith concluded that Plaintiff had stated a claim against the State under the ADA but also that Plaintiff could "not bring any claims against Defendants Khalsa and Parsons under the ADA or § 1983, regardless of whether Plaintiff asserted the claims in his original or amended complaint." Id. at * 6.  Judge Smith explained that

> This Court and the Tenth Circuit have already precluded Plaintiff from bringing these claims, and nothing has changed that would allow him to do so now.  In the Memorandum Opinion and Order filed on September 13, 2003 in this case, I specifically held that Defendants Khalsa and Parsons were entitled to absolute immunity from Plaintiff's claims pursuant to Title II and § 1983 in as much as Plaintiff requested 'damages and injunctive relief. . . ' (Doc 18 at 8-9.)  The Tenth Circuit affirmed this decision on April 19, 2006:  'The district court properly granted absolute immunity for Parsons and Khalsa because they were serving in quasi-judicial and prosecutorial roles at the New Mexico Board of Medical Examiners' Hearing.'  Guttman [III], 446 F.3d at 1032.   There is no need to repeat the same analysis I set forth in my previous opinion.  (Doc 18 at 6-9.)  Defendants' motion is granted with respect to this issue:  Defendants Khalsa and Parsons are not subject to suit under the ADA or § 1983.

Guttman IV, No. Civ 03-463, Doc 39 at * 7.  In addition, Plaintiff's claims for false data bank report and defamation were dismissed.  Id. at * 7.  Judge Smith reserved ruling on Plaintiff's § 1983 claims against the State and possible state tort claims for defamation. Id. at * 8.

After Guttman IV was filed, Plaintiff filed a motion for reconsideration, asking the Court to revisit the issue of defamation.  [Doc 41 at 3]  On November 17, 2006, Judge Smith filed another Memorandum Opinion and Order, Guttman v. Khalsa, No. Civ 03-463, Docket No. 43 (D.N.M. November 17, 2006) (Guttman V), addressing Plaintiff's

motion for reconsideration, as well as the claims that were deferred in Guttman IV. Id. at * 1.  At the outset of that opinion, the Court stated that "[a]t the motion hearing, Plaintiff conceded that the only relief available from the State on the § 1983 claims is prospective injunctive relief." Id. at *1-2.  In addition, Judge Smith reinstated Plaintiff's § 1983 defamation claim. Id. at * 3.  In sum, the Court determined that the following claims remained:

> (1) the claim brought under Title II of the ADA against the State only; (2) the § 1983 claims against the State only for prospective injunctive relief; and (3) the "stigma plus" claim against all three Defendants. At this stage, Defendants Khalsa and Parsons are entitled to absolute immunity for every claim except the stigma plus claim.

Id.  The case proceeded with discovery after the Guttman V order.

On March 6, 2007, Defendants filed another motion to dismiss.  [Doc 59] Defendants also filed a motion to stay discovery, which was granted.  [Doc 60, Doc 62] Plaintiff responded to the motion to stay and argued that the stay should be denied because the motion to dismiss did not address the pending claims for prospective injunctive relief.  [Doc 63 at 1-2]  Specifically, Plaintiff stated that "although absolute immunity and qualified immunity offer protection to officials from civil damages, they do not preclude or protect against a claim for prospective injunctive relief and the recovery of attorney's fees for a successful plaintiff." [Id. at 2]  This response was entered after the order granting the stay, and the arguments relating to prospective injunctive relief were therefore not addressed.  The stay remained in place.  Judge Smith held a hearing on the

motion to dismiss, and on June 4, 2007, the Court filed Guttman v. Khalsa, No. Civ 03-463, Docket No. 77 (D.N.M. June 4, 2007) (Guttman VI).  [Doc 74]

In Guttman VI, the Court granted the Individual Defendants qualified immunity on the § 1983 defamation claim.  Id. at * 7.  In addition, the Court ruled that the State was not entitled to quasi-judicial immunity for the ADA claim.  Id. at * 17-18.  The State immediately appealed the quasi-judicial immunity ruling.  [Doc 78]  Seven days after the State filed its notice of appeal, Plaintiff filed a motion for reconsideration.  [Doc 83]  Plaintiff requested the Court to reconsider its ruling on the defamation allegation and to consider an expanded basis for the due process claim.  [Id. at 2]  Approximately a month later, Plaintiff also filed a cross appeal in the Tenth Circuit Court of Appeals.  [Doc 89]  Judge Smith held a hearing on Plaintiff's motion for reconsideration [Doc 94] and July 23, 2007, entered an order denying the motion.  [Doc 95]  Plaintiff's cross appeal was dismissed by stipulation on January 10, 2008.  [Doc 104-1]

During the pendency of the 2007 appeal, Judge Smith retired and this case was assigned to the Honorable M. Christina Armijo, United States District Judge.  [Doc 105]

The 2007 appeal was decided on May 20, 2009.  [Doc 106]  In Guttman v. Khalsa, 325 Fed.Appx. 687 (10th Cir. 2009) (Guttman VII), our Circuit remanded the matter back to this Court with detailed instructions.  Id. at 692.  Specifically, this Court was instructed to evaluate whether the State was entitled to Eleventh Amendment immunity from suit under the ADA.  Id. at 688.  Guttman VII does not address the qualified immunity ruling issued by Judge Smith in Guttman VI.  Guttman VII, 325 Fed.Appx. at 692.

On remand, the parties filed a series of motions.  On March 31, 2010, this Court addressed all of these motions, as well as the mandate issued by the Tenth Circuit Court of Appeals in Guttman VII.  See Guttman v. Khalsa, No. Civ 03-463, Docket No. 142 (D.N.M. March 31, 2010) (Guttman VIII).  In Guttman VIII, this Court permitted Plaintiff leave to file a second amended complaint, denied Plaintiff's motion to lift the stay, granted in part and denied in part the State's motion to dismiss, and denied Plaintiff's motion to compel discovery.  Id. at * 33.  This Court specifically ruled that Eleventh Amendment immunity prevented Plaintiff from suing the State under Title II of the ADA.  Id. at * 29.  In addition, because the parties did not brief the issue, the Court determined that Plaintiff's First Amendment retaliation claim remained—against the State only for prospective injunctive relief.  Id. at * 33.

While this Court considered the motions that were the subject of the March 2010 *Order*, Plaintiff filed a *Motion For Partial Summary Judgment* [Doc 136].  In addition, after the Court issued the Guttman VIII opinion, Defendants filed a *Motion To Dismiss Second Amended Complaint* [Doc 144].

**II.     ANALYSIS**

In the most recent filings, the parties dispute what claims remain.  The State contends that the only claim that has not been disposed is the First Amendment claim against the State for prospective injunctive relief, and the State advocates for dismissal of that claim as well.  [Doc 144 at 3;  147 at 3]  Plaintiff maintains that all of his claims for prospective injunctive relief remain, as against both the State and the Individual

Defendants. [Doc 146 at 2] Thus, according to Plaintiff, his claims for violations of Due Process, Equal Protection, and the First Amendment remain viable as pleaded for injunctive relief against all Defendants. [Id. at 3-4]

Specifically, Plaintiff contends that a review of the procedural history demonstrates that claims against the Individual Defendants in their official capacity remain to be decided: "neither Judge Smith nor the Tenth Circuit have held that Plaintiff's claims for prospective relief were dismissed by virtue of the individual's absolute immunity." [Doc 146 at 2] This carefully crafted statement disregards the specific history of the case and the prior rulings made. In September 2003, the Court issued a "final order," which stated that "[s]ummary judgment is hereby entered in favor of Defendants G.T.S. Khalsa, Livingston Parsons and the State of New Mexico on Plaintiff's claims under 42 U.S.C. § 1983. . . ." Guttman I, 320 F.3d at 1171. The Tenth Circuit's Guttman III opinion affirmed the grant of immunity to the Individual Defendants and did not address additional "official capacity" liability for prospective relief—leaving this Court to presume that the issue of prospective relief against the Individual Defendants was not raised before the Circuit.

In briefing before this Court in 2006, after the first remand, Plaintiff raised the issue of the availability of prospective relief and this Court responded that "Defendants Khalsa and Parsons are not subject to suit under the ADA or § 1983." Guttman IV, No. Civ 03-463, Doc 39 at * 7. In that same order, Judge Smith referred to the claims for prospective relief: "In the Memorandum Opinion and Order filed on September 13, 2003

in this case, I specifically held that Defendants Khalsa and Parsons were entitled to absolute immunity from Plaintiff's claims pursuant to Title II and § 1983 in as much as Plaintiff requested 'damages and injunctive relief. . .'" Id. Indeed, with each order Judge Smith carefully delineated what claims remained and against whom those claims were brought. Guttman VII, the 2009 opinion from the Circuit, again does not address the prospective relief issue.

In part, perhaps the complexity of the docket contributes to the perceived confusion of the issues. The original complaint did not include all of the claims and manners for relief that the later, amended complaints incorporated. The original order granting summary judgment thus could not have encompassed claims that were not originally pleaded or considered by the Court—such as prospective, injunctive relief against the Individual Defendants in their official capacities. Additionally, non-final and yet appealed orders abound—this case has traversed the pathways of the federal judiciary numerous times. The preceding careful review of the record, however, demonstrates that this Court dismissed the Individual Defendants entirely from the proceedings. Further, based on the silence of the appellate opinions filed as a result of this Court's orders, I conclude that by failing to appeal Judge Smith's repeated dismissal of the Individual Defendants, Plaintiff has waived any claim for prospective injunctive relief against the Individual Defendants. Therefore, the only remaining claim for which a ruling has not been made is on the First Amendment retaliation claim against the State.

This Court has ruled that the Eleventh Amendment protects the State from suit under Title II of the ADA, Guttman VIII, No. Civ 03-463, Docket No. 142 at * 29, and our Circuit "affirm[ed] the district court's determination that both Parsons and Khalsa are protected by "absolute immunity." Guttman III, 446 F.3d at 1036.  When the case arrived back in this Court, Judge Smith clearly stated that "Defendants Khalsa and Parsons are entitled to absolute immunity for every claim except the stigma plus claim." Guttman V, No. Civ 03-463, Docket no. 43 at * 3.  Later, the Court also granted the Individual Defendants absolute immunity for the stigma plus claim and reiterated that the § 1983 claims remain "against the State only for prospective injunctive relief." Guttman VI,  No. Civ 03-463, Docket No. 77 at * 2, 7.  Further, as Defendants point out, the State itself is not subject to liability under § 1983 for the deprivation of civil rights.  See Wills v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").  Thus, all of Plaintiff's claims have been disposed, were waived, or are not viable.  For these reasons, the Court grants Defendants' *Motion To Dismiss Second Amended Complaint*.

Turning to *Plaintiff's Motion For Partial Summary Judgment* [Doc 136], Plaintiff has requested summary judgment on his claims for violations of procedural due process. After Plaintiff filed his *Motion*, this Court issued Guttman VIII, which determined that Plaintiff received "sufficient process to protect his significant interest in his medical

license." Id., No. Civ 03-463, Docket no. 142 at 23.  In his reply brief, filed after Guttman VIII, Plaintiff asserts that "[n]otwithstanding the Court's finding therein, . . . the undisputed facts establish that he was not afforded the constitutional process that was due him which voided the Board's actions." [Doc 145 at 4]  For the reasons stated in Guttman VIII, the Court is not persuaded.  As a result, the Court denies *Plaintiff's Motion For Partial Summary Judgment* [Doc 136].

### III. CONCLUSION

For the foregoing reasons, the Court determines that no viable claims remain against Defendants.

**IT IS THEREFORE ORDERED** that Defendants' *Motion To Dismiss Second Amended Complaint* [Doc 144] is **GRANTED** and *Plaintiff's Motion For Partial Summary Judgment* [Doc 136] is **DENIED**.

**SO ORDERED** this 30th day of June 2010, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge